# 14-1113(L)

### 14-1139(Con), 14-1206(Con)

## UNITED STATES COURT OF APPEALS
### for the
### SECOND CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

versus

AKEEM MONTSALVATGE, EDWARD BYAM, AND
DERRICK DUNKELY,
*Defendants-Appellants*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**DEFENDANT-APPELLANT'S SPECIAL APPENDIX**

PATRICK MICHAEL MEGARO, ESQ.
33 East Robinson Street, Suite 210
Orlando, Florida 32801
Office 407-255-2165
Fax 855-225-1671
Email: pmegaro@appealslawgroup.com
Florida Bar ID # 738913
New Jersey Bar ID # 3634-2002
New York Bar ID # 4094983
North Carolina Bar ID # 46770
Texas Bar ID # 24091024
Counsel for Defendant-Appellant Edward Byam

| Docket # | Description | Page # |
|---|---|---|
| N/A | District Court Docket Sheet | 1-28 |
| Docket # 117 | Memorandum and Order Denying Suppression Motion filed 8/15/2013 | 29-36 |
| Docket # 160 | Judgment of Conviction as to Edward Byam filed 4/10/2014 | 37-44 |

CLOSED,APPEAL

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:12-cr-00586-RJD All Defendants

Case title: USA v. Byam et al          Date Filed: 09/14/2012
Magistrate judge case numbers: 1:12-mj-00743-JO    Date Terminated: 04/10/2014
                                 1:12-mj-00744-JO
                                 1:12-mj-00846-VVP

Assigned to: Judge Raymond J. Dearie

### Defendant (1)

**Edward Byam**          represented by    **Deron Robert Castro**
*TERMINATED: 04/10/2014*                          Law Office of Deron Castro
                                             118-35 Queens Blvd
                                             Forest Hills, NY 11375
                                             718-793-9060
                                             Fax: 718-520-8544
                                             Email: castroesq@aol.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*
                                             *Designation: Retained*

                                             **Eric M. Creizman**
                                             Creizman PLLC
                                             565 Fifth Avenue
                                             7th Floor
                                             New York, NY 10017
                                             212-972-0200
                                             Fax: 646-200-5022
                                             Email: ecreiz@creizmanllc.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*
                                             *Designation: CJA Appointment*

### Pending Counts                                        ### Disposition

INTERFERENCE WITH COMMERCE          Imprisonment for a term of one day to
BY THREAT OR VIOLENCE               run concurrently to counts 2 and 4.
(1s)                                     Supervised release for five years. $100
                                          special assessment.

INTERFERENCE WITH COMMERCE          Imprisonment for a term of one day to
BY THREAT OR VIOLENCE               run concurrently to counts 1 and 4.
(2s)                                     Supervised release for five years. $100

**SA-1**

|  |  |
|---|---|
|  | special assessment. |
| VIOLENT CRIME/DRUGS/MACHINE GUN (3s) | Imprisonment for a term of seven years to run consecutively to all other counts. Supervised release for five years. $100 special assessment. |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (4s) | Imprisonment for a term of one day to run concurrently to counts 1 and 2. Supervised release for five years. $100 special assessment. |
| VIOLENT CRIME/DRUGS/MACHINE GUN (5s) | Imprisonment for a term of 25 years to run consecutively to all other counts. Supervised release for five years. $100 special assessment. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (1-2) | Dismissed on government's motion. |
| VIOLENT CRIME/DRUGS/MACHINE GUN (3) | Dismissed on government's motion. |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (4) | Dismissed on government's motion. |
| VIOLENT CRIME/DRUGS/MACHINE GUN (5) | Dismissed on government's motion. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| 18:1951.F | |

Assigned to: Judge Raymond J. Dearie

**Defendant (2)**

**Akeem Monsalvatge**
*TERMINATED: 04/10/2014*

represented by **Scott Brettschneider**
626 Reckson Plaza
West Tower, 6th Floor
Uniondale, NY 11556

**SA-2**

516-522-2728
Fax: 516-522-2729
Email: scottfreelaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Chase A. Scolnick**
Federal Defenders of New York, Inc.
One Pierrepont Plaza
16th Floor
Brooklyn, NY 11201
(718)330-1213
Fax: (718)855-0760
Email: chase_scolnick@fd.org
*TERMINATED: 08/23/2012*
*Designation: Public Defender or*
*Community Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (1s) | Imprisonment for a term of one day to run concurrently to counts 2 and 4. Supervised release for five years. $100 special assessment. |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (2s) | Imprisonment for a term of one day to run concurrently to counts 1 and 4. Supervised release for five years. $100 special assessment. |
| VIOLENT CRIME/DRUGS/MACHINE GUN (3s) | Imprisonment for a term of 7 years to run consecutively to all other counts. Supervised release for five years. $100 special assessment. |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (4s) | Imprisonment for a term of one day to run concurrently to counts 1 and 2. Supervised release for five years. $100 special assessment. |
| VIOLENT CRIME/DRUGS/MACHINE GUN (5s) | Imprisonment for a term of 25 years to run consecutively to all other counts. Supervised release for five years. $100 special assessment. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| INTERFERENCE WITH COMMERCE | |

BY THREAT OR VIOLENCE
(1-2)                                              Dismissed on government's motion.

VIOLENT CRIME/DRUGS/MACHINE
GUN                                                Dismissed on government's motion.
(3)

INTERFERENCE WITH COMMERCE
BY THREAT OR VIOLENCE                              Dismissed on government's motion.
(4)

VIOLENT CRIME/DRUGS/MACHINE
GUN                                                Dismissed on government's motion.
(5)

## Highest Offense Level (Terminated)

Felony

| Complaints | Disposition |
|---|---|

18:1951.F

---

Assigned to: Judge Raymond J. Dearie

## Defendant (3)

**Derrick Dunkley**                 represented by   **Emily Regina Daniel**
*TERMINATED: 04/10/2014*                             Emily R. Daniel, Esq.
                                                     69 West 9th Street
                                                     Suite 6J
                                                     New York, NY 10011-8960
                                                     212-995-2074
                                                     Fax: 212-995-2074
                                                     Email: edaniel123@yahoo.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: CJA Appointment*

| Pending Counts | Disposition |
|---|---|

INTERFERENCE WITH COMMERCE
BY THREAT OR VIOLENCE
(1)

Imprisonment for a term of one day to
run concurrently to counts 2 and 4.
Supervised release for five years. $100
special assessment.

INTERFERENCE WITH COMMERCE
BY THREAT OR VIOLENCE
(2)

Imprisonment for a term of one day to
run concurrently to counts 1 and 4.
Supervised release for five years. $100
special assessment.

Imprisonment for a term of seven years
to run consecutively to all other counts.
Supervised release for five years. $100

VIOLENT CRIME/DRUGS/MACHINE

**SA-4**

| | |
|---|---|
| GUN<br>(3) | special assessment.Imprisonment for a term of seven years to run consecutively to all other counts. Supervised release for five years. $100 special assessment. |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE<br>(4) | Imprisonment for a term of one day to run concurrently to counts 1 and 2. Supervised release for five years. $100 special assessment.Imprisonment for a term of one day to run concurrently to counts 1 and 2. Supervised release for five years. $100 special assessment. |
| VIOLENT CRIME/DRUGS/MACHINE GUN<br>(5) | Imprisonment for 25 years to run consecutively to all other counts. Supervised release for five years. $100 special assessment.Imprisonment for 25 years to run consecutively to all other counts. Supervised release for five years. $100 special assessment. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18 USC 1951 - Hobbs Act Robbery | Dismissed on government's motionDismissed on government's motionDismissed on government's motionDismissed on government's motionDismissed on government's motionDismissed on government's motionDismissed on government's motionDismissed on government's motionDismissed on government's motionDismissed on government's motion |

---

**Plaintiff**

| **USA** | represented by **Justin David Lerer** |
|---|---|
| | United States Attorneys Office |

**SA-5**

Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6124
Fax: 718-254-6321
Email: justin.lerer@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Una A. Dean**
United States Attorneys Office
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6473
Fax: 718-254-6076
Email: una.dean@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maria E. Cruz Melendez**
U.S. Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6408
Fax: 718-254-6076
Email: maria.cruzmelendez@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Tiana A. Demas**
United States Attorneys Office
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6116
Fax: 718-254-7489
Email: tiana.demas@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Tyler Joseph Smith**
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6186
Email: tyler.smith@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/08/2012 | 1 | SEALED COMPLAINT as to Akeem Monsalvatge (1). (Chin, Felix) [1:12-mj-00744-JO] (Entered: 08/09/2012) |

| | | |
|---|---|---|
| 08/08/2012 | 1 | SEALED COMPLAINT as to Edward Byam (1). (Chin, Felix) [1:12-mj-00743-JO] (Entered: 08/09/2012) |
| 08/21/2012 | 3 | Order to Unseal Case as to Akeem Monsalvatge. Ordered by Magistrate Judge Lois Bloom on 8/21/2012. (DiLorenzo, Krista) [1:12-mj-00744-JO] (Entered: 08/22/2012) |
| 08/21/2012 | | Attorney update in case as to Akeem Monsalvatge. Attorney Chase A. Scolnick for Akeem Monsalvatge added. (DiLorenzo, Krista) [1:12-mj-00744-JO] (Entered: 08/22/2012) |
| 08/21/2012 | 4 | Minute Entry for proceedings held before Magistrate Judge Lois Bloom:Arraignment as to Akeem Monsalvatge (1) Count Complaint held on 8/21/2012. Attorney Appointment Hearing as to Akeem Monsalvatge held on 8/21/2012. Initial Appearance as to Akeem Monsalvatge held on 8/21/2012. AUSA Una Dean present. Dft. present with Federal Defender Chase Scolnick. Permanent order of detention entered. Preliminary hearing waived. (Tape #4:46-4:57.) (DiLorenzo, Krista) [1:12-mj-00744-JO] (Entered: 08/22/2012) |
| 08/21/2012 | 5 | ORDER OF DETENTION as to Akeem Monsalvatge. Ordered by Magistrate Judge Lois Bloom on 8/21/2012. (DiLorenzo, Krista) [1:12-mj-00744-JO] (Entered: 08/22/2012) |
| 08/21/2012 | 3 | Order to Unseal Case as to Edward Byam. Ordered by Magistrate Judge Lois Bloom on 8/21/2012. (DiLorenzo, Krista) [1:12-mj-00743-JO] (Entered: 08/22/2012) |
| 08/21/2012 | | Attorney update in case as to Edward Byam. Attorney Eric M. Creizman for Edward Byam added. (DiLorenzo, Krista) [1:12-mj-00743-JO] (Entered: 08/22/2012) |
| 08/21/2012 | 4 | Minute Entry for proceedings held before Magistrate Judge Lois Bloom:Arraignment as to Edward Byam (1) Count Complaint held on 8/21/2012. Attorney Appointment Hearing as to Edward Byam held on 8/21/2012. Initial Appearance as to Edward Byam held on 8/21/2012. AUSA Una Dean present. Dft. present with CJA Eric Creizman. Permanent order of detention entered. Preliminary hearing waived. (Tape #4:46-4:57.) (DiLorenzo, Krista) [1:12-mj-00743-JO] (Entered: 08/22/2012) |
| 08/21/2012 | 5 | ORDER OF DETENTION as to Edward Byam. Ordered by Magistrate Judge Lois Bloom on 8/21/2012. (DiLorenzo, Krista) [1:12-mj-00743-JO] (Entered: 08/22/2012) |
| 08/21/2012 | 6 | CJA Voucher-Eric Creizman appointed to represent dft. Byam. Ordered by Magistrate Judge Lois Bloom on 8/21/2012. (DiLorenzo, Krista) [1:12-mj-00743-JO] (Entered: 08/22/2012) |
| 08/23/2012 | 6 | NOTICE OF ATTORNEY APPEARANCE: Scott Brettschneider appearing for Akeem Monsalvatge (Brettschneider, Scott) [1:12-mj-00744-JO] (Entered: 08/23/2012) |
| 08/23/2012 | | Attorney update in case as to Akeem Monsalvatge. Attorney Chase A. Scolnick terminated. (DiLorenzo, Krista) [1:12-mj-00744-JO] (Entered: 08/24/2012) |
| 09/05/2012 | 7 | NOTICE OF ATTORNEY APPEARANCE: Deron Robert Castro appearing for |

| | | Edward Byam (Castro, Deron) [1:12-mj-00743-JO] (Entered: 09/05/2012) |
|---|---|---|
| 09/12/2012 | 1 | SEALED COMPLAINT and affidavit in support of arrest warrant as to Derrick Dunkley (1). (Yuen, Sui-May) [1:12-mj-00846-VVP] (Entered: 09/13/2012) |
| 09/14/2012 | 8 | INDICTMENT as to Edward Byam (1) count(s) 1-2, 3, 4, 5, Akeem Monsalvatge (2) count(s) 1-2, 3, 4, 5. (Attachments: # 1 Criminal Information Sheet) (Chee, Alvin) (Entered: 09/17/2012) |
| 09/20/2012 | 3 | Order to Unseal Case as to Derrick Dunkley. Ordered by Magistrate Judge Marilyn D. Go on 9/20/2012. (Chin, Felix) [1:12-mj-00846-VVP] (Entered: 09/21/2012) |
| 09/20/2012 | 4 | Minute Entry for proceedings held before Magistrate Judge Marilyn D. Go:Arraignment as to Derrick Dunkley (1) Count Complaint held on 9/20/2012, Attorney Appointment Hearing as to Derrick Dunkley held on 9/20/2012, Initial Appearance as to Derrick Dunkley held on 9/20/2012. AUSA Una Dean present. Dft present w/cja counsel Emily Daniel. Dft arraigned on the complaint. Preliminary hearing waived. Order of detention entered. (Log # 9/20/12 5:09-5:12.) (Chin, Felix) [1:12-mj-00846-VVP] (Entered: 09/21/2012) |
| 09/20/2012 | 5 | ORDER OF DETENTION as to Derrick Dunkley. Ordered by Magistrate Judge Marilyn D. Go on 9/20/2012. (Chin, Felix) [1:12-mj-00846-VVP] (Entered: 09/21/2012) |
| 09/20/2012 | 6 | CJA 23 Financial Affidavit by Derrick Dunkley (Chin, Felix) [1:12-mj-00846-VVP] (Entered: 09/21/2012) |
| 09/20/2012 | 7 | CJA 20 as to Derrick Dunkley: Appointment of Attorney Emily Regina Daniel for Derrick Dunkley. Ordered by Magistrate Judge Marilyn D. Go on 9/20/2012. (Chin, Felix) [1:12-mj-00846-VVP] (Entered: 09/21/2012) |
| 09/24/2012 | 9 | NOTICE OF ATTORNEY APPEARANCE: Deron Robert Castro appearing for Edward Byam. (Chee, Alvin) (Entered: 09/26/2012) |
| 09/24/2012 | 10 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Arraignment as to Edward Byam (1) Count 1-2,3,4,5 and Akeem Monsalvatge (2) Count 1-2,3,4,5 held on 9/24/2012. AUSA Una Dean; Mahmoud Rabah for Deron Castro for defendant Byam; Kathleen Julian for Scott Brettschneider for defendant Monsalvatge. Both defendants waive reading of indictment and enter pleas of not guilty to all charges. Discussion held. Court is advised that discovery is underway. Parties jointly request time be excluded for ongoing discovery. Court approves joint request. Time excluded from today through 10/20/12 for discovery purposes and negotiations. Case adjourned to 10/29/12 at 10:45 AM. (Court Reporter: Victoria Butler.) (Chee, Alvin) (Entered: 09/26/2012) |
| 10/18/2012 | 8 | Minute Entry for proceedings held before Magistrate Judge Roanne L. Mann:Docket Call as to Derrick Dunkley held on 10/18/2012. AUSA Douglas PRavda present for Una Dean. Dft. present with CJA Emily Daniel. Order of excludable delay entered. (Tape #2:28-2:33.) (DiLorenzo, Krista) [1:12-mj-00846-VVP] (Entered: 10/19/2012) |
| 10/18/2012 | 9 | ORDER TO CONTINUE - Ends of Justice as to Derrick Dunkley Time excluded from 10/18/12 until 11/20/12. Ordered by Magistrate Judge Roanne L. Mann on |

| | | |
|---|---|---|
| | | 10/18/2012. (DiLorenzo, Krista) [1:12-mj-00846-VVP] (Entered: 10/19/2012) |
| 11/07/2012 | 11 | Minute Entry for proceedings held before Magistrate Judge Joan M. Azrack: Status Conference as to Edward Byam, Akeem Monsalvatge held on 11/7/2012. AUSA Una Dean; Deron Castro for defendant Byam; Scott Brettschneider for defendant Monsalvatge. Order of Speedy Trial entered from 11/7/12 to 12/7/12 as to both defendants. (Tape #: 11:21-11:23.) (Chee, Alvin) (Entered: 11/09/2012) |
| 11/07/2012 | 12 | ORDER TO CONTINUE - Ends of Justice as to Edward Byam: Time excluded from 11/7/12 until 12/7/12. Ordered by Magistrate Judge Joan M. Azrack on 11/7/2012. (Chee, Alvin) (Entered: 11/09/2012) |
| 11/07/2012 | 13 | ORDER TO CONTINUE - Ends of Justice as to Akeem Monsalvatge: Time excluded from 11/7/12 until 12/7/12. Ordered by Magistrate Judge Joan M. Azrack on 11/7/2012. (Chee, Alvin) (Entered: 11/09/2012) |
| 11/15/2012 | 10 | Letter *Procurement of DNA sample* as to Derrick Dunkley (Daniel, Emily) [1:12-mj-00846-VVP] (Entered: 11/15/2012) |
| 11/20/2012 | 11 | MOTION to Dismiss MJ Complaint *without prejudice* by USA as to Derrick Dunkley. (DiLorenzo, Krista) [1:12-mj-00846-VVP] (Entered: 11/20/2012) |
| 11/20/2012 | | ORDER granting 11 Motion to Dismiss MJ Complaint as to Derrick Dunkley (1). Ordered by Magistrate Judge Cheryl L. Pollak on 11/20/2012. Endorsed on doc. # 11. (DiLorenzo, Krista) [1:12-mj-00846-VVP] (Entered: 11/20/2012) |
| 11/30/2012 | 12 | Letter as to Derrick Dunkley (Dean, Una) [1:12-mj-00846-VVP] (Entered: 11/30/2012) |
| 12/03/2012 | 13 | Letter *Dunkley DNA reply* as to Derrick Dunkley (Daniel, Emily) [1:12-mj-00846-VVP] (Entered: 12/03/2012) |
| 12/07/2012 | 14 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Status Conference as to Edward Byam, Akeem Monsalvatge held on 12/7/2012. AUSA Una Dean; Deron Castro for defendant Byam; Scott Brettschneider for defendant Monsalvatge. Discussion held. AUSA advises that discovery and plea offers were disclosed. Parties jointly request that time be excluded to continue review of discovery and plea negotiations. Court approves joint request. Time excluded from today through 2/1/13 for ongoing plea discussions and in the interest of justice. Next status conference set for 2/1/13 at 10 AM. Defendants continued in custody. (Court Reporter: Allan Sherman.) (Chee, Alvin) (Entered: 12/10/2012) |
| 12/19/2012 | 15 | Letter *regarding discovery* as to Edward Byam, Akeem Monsalvatge (Dean, Una) (Entered: 12/19/2012) |
| 12/27/2012 | 14 | Letter as to Derrick Dunkley (Dean, Una) [1:12-mj-00846-VVP] (Entered: 12/27/2012) |
| 01/04/2013 | 16 | SEALED SUPERSEDING INDICTMENT (S-1) as to Edward Byam (1) count(s) 1s-2s, 3s, 4s, 5s, Akeem Monsalvatge (2) count(s) 1s-2s, 3s, 4s, 5s, Derrick Dunkley (3) count(s) 1-2, 3, 4, 5. (Attachments: # 1 Criminal Information Sheet) (Barrett, C) (Additional attachment(s) added on 1/24/2013: # 2 SEALING ORDER) (Lee, Tiffeny). (Entered: 01/04/2013) |
| 01/07/2013 | 18 | Minute Entry for proceedings held before Judge Raymond J. Dearie:Arraignment as to Derrick Dunkley (3) Count 1-2,3,4,5 held on 1/7/2013. Plea entered by |

| | | |
|---|---|---|
| | | Derrick Dunkley, Not Guilty on counts 1-5. At this time defense counsel does not have a bail application and reserves her right to request a bail application if appropriate. Order of Detention entered. Status Conference set for 2/1/2013 at 10:00 AM in Courtroom 10A South before Judge Raymond J. Dearie. (Court Reporter Charisse Kitt) (Lee, Tiffeny) (Entered: 01/11/2013) |
| 01/07/2013 | [19](#) | ORDER OF DETENTION Pending Trial as to Derrick Dunkley. Ordered by Judge Raymond J. Dearie on 1/7/2013. (Lee, Tiffeny) (Entered: 01/11/2013) |
| 01/07/2013 | [20](#) | CJA 20 Appointment: Emily Daniel, Esq. appointed on behalf of defendant Derrick Dunkley. Ordered by Judge Raymond J. Dearie on 1/7/2013. (Lee, Tiffeny) (Entered: 01/11/2013) |
| 01/10/2013 | [17](#) | Order to Unseal Superseding Indictment (S-1) as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley. So Ordered by Judge Raymond J. Dearie on 1/10/2013. (Lee, Tiffeny) (Entered: 01/11/2013) |
| 01/14/2013 | [21](#) | Letter *regarding discovery* as to Derrick Dunkley (Dean, Una) (Entered: 01/14/2013) |
| 01/14/2013 | [22](#) | Minute Entry for proceedings held before Judge Raymond J. Dearie: Arraignment as to Edward Byam (1) Count 1s-2s,3s,4s,5s and Akeem Monsalvatge held on 1/14/2013. AUSA Una Dean; Deron Castro for defendant Byam; Scott Brettschneider for defendant Monsalvatge. Court is advised by marshal that defendant Monsalvatge refused to come to court today. Defense counsel directed to speak to his client to see what the problem is. Arraignment as to this defendant adjourned to 1/17/13 at 10:30 AM. Defendant Bynam waives reading of indictment and enters a plea of not guilty to superseding indictment (S-1). Counsel jointly request time be excluded from today through 2/1/13 in the interest of justice and for ongoing plea negotiations. Court: Request approved. Time excluded from today through 2/1/13 in the interest of justice and for ongoing plea negotiations. Case adjourned to 2/1/13 at 10 AM for status conference as to all three defendants. (Court Reporter: Marsha Diamond.) (Chee, Alvin) (Entered: 01/18/2013) |
| 01/17/2013 | [23](#) | Minute Entry for proceedings held before Judge Raymond J. Dearie: Arraignment as to Akeem Monsalvatge (2) Count 1s-2s,3s,4s,5s held on 1/17/2013. AUSA Una Dean; Scott Brettschneider for defendant. Defendant waives reading of indictment and enters a plea of not guilty to superseding indictment (S-1). Counsel jointly request time be excluded. Court: Request approved. Time excluded from today through 2/1/13 in the interest of justice and for ongoing plea negotiations. Case adjourned to 2/1/13 at 10 AM for next status conference. (Court Reporter: Marsha Diamond.) (Chee, Alvin) (Entered: 01/18/2013) |
| 01/30/2013 | [24](#) | Letter *Discovery Requests* as to Derrick Dunkley (Daniel, Emily) (Entered: 01/30/2013) |
| 01/31/2013 | [25](#) | Letter *regarding discovery* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Dean, Una) (Entered: 01/31/2013) |
| 01/31/2013 | [26](#) | Letter *regarding discovery* as to Derrick Dunkley (Dean, Una) (Entered: 01/31/2013) |
| 02/01/2013 | [27](#) | Minute Entry for proceedings held before Judge Raymond J. Dearie: Status |

SA-10

| | | |
|---|---|---|
| | | Conference as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 2/1/2013. AUSA Nathan Reilly for Una Dean; Deron Castro for defendant Byam; Scott Brettschneider for defendant Monsalvatge; Emily Daniel for defendant Dunkley. Discussion held. AUSA reports that discovery is ongoing. Counsel jointly request that time be excluded for a 60 day period. Court approves joint request. Time excluded from today through 4/12/13 for ongoing plea discussions and in the interest of justice. Court sets trial date for 7/29/13. If appropriate, Court will set motion briefing schedule at next conference. Case adjourned to 4/12/13 at 11 AM. Defendants continued in custody. (Court Reporter: Victoria Butler.) (Chee, Alvin) (Entered: 02/05/2013) |
| 03/04/2013 | [28](#) | Letter *Discovery Request* as to Derrick Dunkley (Daniel, Emily) (Entered: 03/04/2013) |
| 03/11/2013 | [29](#) | Letter dated 3/5/13 from Akeem Monsalvatge, pro se, to Hon. Raymond J. Dearie, requesting new court-appointed counsel. (Chee, Alvin) (Entered: 04/01/2013) |
| 03/28/2013 | [30](#) | Minute Entry for proceedings held before Judge Raymond J. Dearie: Status Conference as to Akeem Monsalvatge held on 3/28/2013. AUSA Una Dean; Scott Brettschneider for defendant. Case called for status conference regarding pro se letter of defendant dated 3/5/13 requesting court appointed counsel. Discussion held. Defense counsel advises Court that he and his client have had an opportunity to discuss and that his client wishes him to remain as counsel. Court inquires of defendant. Defendant states on the record that he is satisfied with Mr. Brettschneider and wishes to continue with him as his counsel. Court is satisfied with inquiry. Mr. Brettschneider remains as counsel of record. Defense counsel advises that he will be making a bail application in the future on behalf of his client. This Court or the duty magistrate judge will hear the bail application. Case adjourned to 4/12/13 at 11 AM for status for all defendants and possible bail application as to Monsalvatge. (Court Reporter: Michele Nardone.) (Chee, Alvin) (Entered: 04/01/2013) |
| 04/01/2013 | [31](#) | Letter *regarding discovery* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Dean, Una) (Entered: 04/01/2013) |
| 04/01/2013 | [32](#) | Letter *regarding discovery* as to Edward Byam (Dean, Una) (Entered: 04/01/2013) |
| 04/01/2013 | [33](#) | Letter *regarding discovery* as to Akeem Monsalvatge (Dean, Una) (Entered: 04/01/2013) |
| 04/01/2013 | [34](#) | Letter *regarding discovery* as to Derrick Dunkley (Dean, Una) (Entered: 04/01/2013) |
| 04/12/2013 | [35](#) | Minute Entry for proceedings held before Judge Raymond J. Dearie: Status Conference as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 4/12/2013. AUSA Una Dean; Deron Castro for defendant Byam; Scott Brettschneider for defendant Montsalvatge; Emily Daniel for defendant Dunkley. Court sets the following schedule: Defense motions due 5/13/13; government responses due 6/5/13. Pretrial conference set for 6/7/13 at 11 AM. Time excluded from today until trial on 7/29/13. (Court Reporter: Anthony Frisolone.) (Chee, Alvin) (Entered: 04/16/2013) |
| 04/12/2013 | [36](#) | Minute Entry for proceedings held before Judge Raymond J. Dearie: Bail |

SA-11

| | | Application Hearing as to Akeem Monsalvatge held on 4/12/2013. AUSA Una Dean; Scott Brettschneider for defendant. Court reserves judgment. Decision to be issued next week. (Court Reporter: Anthony Frisolone.) (Chee, Alvin) (Entered: 04/16/2013) |
|---|---|---|
| 04/19/2013 | 37 | Letter *regarding witness statements* as to Derrick Dunkley (Dean, Una) (Entered: 04/19/2013) |
| 04/25/2013 | 38 | Letter *Brady Material* as to Derrick Dunkley (Daniel, Emily) (Entered: 04/25/2013) |
| 04/25/2013 | 39 | NOTICE OF ATTORNEY APPEARANCE Tiana A. Demas appearing for USA. (Demas, Tiana) (Entered: 04/25/2013) |
| 04/26/2013 | 40 | NOTICE OF ATTORNEY APPEARANCE Justin David Lerer appearing for USA. (Lerer, Justin) (Entered: 04/26/2013) |
| 04/30/2013 | 41 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Bail Application as to Derrick Dunkley held on 4/30/2013. AUSA Una Dean and Justin Lerer; Emily Daniel for defendant. Application heard. Government opposes application. Court: For the reasons recited on the record, the application is denied. Defendant continued in custody. (Court Reporter: Lisa Schmid.) (Chee, Alvin) (Entered: 05/01/2013) |
| 05/07/2013 | 42 | Letter *Withdrawing Plea Agreement* as to Edward Byam (Demas, Tiana) (Entered: 05/07/2013) |
| 05/07/2013 | 43 | Letter *Withdrawing Plea Offer* as to Akeem Monsalvatge (Demas, Tiana) (Entered: 05/07/2013) |
| 05/07/2013 | 44 | Letter *Withdrawing Plea Offer* as to Derrick Dunkley (Demas, Tiana) (Entered: 05/07/2013) |
| 05/13/2013 | 45 | MOTION to Suppress *Results of Search and Statements* by Derrick Dunkley. (Attachments: # 1 Affidavit) (Daniel, Emily) (Entered: 05/13/2013) |
| 05/13/2013 | 46 | Letter *regarding discovery* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Dean, Una) (Entered: 05/13/2013) |
| 05/13/2013 | 47 | MOTION to Suppress by Akeem Monsalvatge. (Brettschneider, Scott) (Entered: 05/13/2013) |
| 05/13/2013 | 48 | MOTION to Suppress *Motion to Preclude & Motion to Compel* by Edward Byam. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Castro, Deron) (Entered: 05/13/2013) |
| 05/21/2013 | 49 | Letter *DNA Discovery* as to Derrick Dunkley (Daniel, Emily) (Entered: 05/21/2013) |
| 05/21/2013 | 50 | Letter *DNA Discovery AUSA* as to Derrick Dunkley (Daniel, Emily) (Entered: 05/21/2013) |
| 06/04/2013 | | ELECTRONIC SCHEDULING ORDER as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley. Counsel are advised that the Pretrial Conference previously scheduled for 6/7/13 is rescheduled to 6/14/2013 at 12:00 PM due to the unavailability of the Court. Should counsel have any questions, they are |

| | | |
|---|---|---|
| | | advised to phone Ms. Mulqueen at 718-613-2435. So Ordered by Judge Raymond J. Dearie on 6/4/2013. (Mulqueen, Ellen) (Entered: 06/04/2013) |
| 06/05/2013 | 51 | Letter *Requesting two-day extension of time to respond to Byam and Monsalvatge's pretrial motions* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Demas, Tiana) (Entered: 06/05/2013) |
| 06/05/2013 | 52 | RESPONSE in Opposition re 45 MOTION to Suppress *Results of Search and Statements* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Demas, Tiana) (Entered: 06/05/2013) |
| 06/06/2013 | | ELECTRONIC ORDER as to Edward Byam, Akeem Monsalvatge re 51 Letter of government requesting a 2 day extension, with the consent of defense counsel, to file its' opposition. Request is hereby Granted. Opposition due 6/7/13. So Ordered by Judge Raymond J. Dearie on 6/6/2013. (Mulqueen, Ellen) (Entered: 06/06/2013) |
| 06/06/2013 | 53 | RESPONSE in Opposition re 48 MOTION to Suppress *Motion to Preclude & Motion to Compel Opposition to Byam's Pretrial Motion* (Demas, Tiana) (Entered: 06/06/2013) |
| 06/07/2013 | 54 | RESPONSE in Opposition re 47 MOTION to Suppress (Demas, Tiana) (Entered: 06/07/2013) |
| 06/13/2013 | 55 | Letter *dated June 13, 2013 regarding disclosure* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Demas, Tiana) (Entered: 06/13/2013) |
| 06/13/2013 | 56 | NOTICE OF ATTORNEY APPEARANCE Maria E. Cruz Melendez appearing for USA. (Cruz Melendez, Maria) (Entered: 06/13/2013) |
| 06/14/2013 | 57 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Pretrial Conference as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 6/14/2013. AUSA Tiana Demas; Deron Castro for defendant Byam; Scott Brettschneider for defendant Monsalvatge; Emily Daniel for defendant Dunkley. Discussion held. Suppression hearing as to defendants Byam and Dunkley scheduled for 6/18/13 at 9:30 AM. (Court Reporter: Charleane Heading.) (Chee, Alvin) (Entered: 06/17/2013) |
| 06/18/2013 | 58 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Suppression Hearing as to Edward Byam held on 6/18/2013. AUSA Tiana Demas, Maria Cruz Melendez and Tyler Smith; Deron Castro for defendant. Hearing ordered and begun. Following government witnesses sworn: Agent Ayesha Winston: Examined by AUSA Demas; crossed. Marshal Robert Ledogar: Examined by AUSA Demas; crossed. Following government exhibits received into evidence: 1A through 1AAAA, 2,3,4,5,6, 3500AW-3. Post hearing letter briefs due 6/26/13, replies due 6/28/13. Court will render ruling at next scheduled conference on 7/8/13 at 11 AM. (Court Reporter: Fred Guerino.) (Court Reporter : Fred Guerino.) (Chee, Alvin) (Entered: 06/19/2013) |
| 06/18/2013 | 59 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Suppression Hearing as to Derrick Dunkley held on 6/18/2013. AUSA Tiana Demas, Maria Cruz Melendez and Tyler Smith; Emily Daniel for defendant. Hearing ordered and begun. Following government witnesses sworn: Agent Jacob Berrick: Examined by AUSA Melendez; crossed. Agent Scott Riordan: Examined by AUSA |

**SA-13**

| | | |
|---|---|---|
| | | Melendez; crossed. Agent Ayesha Winston: Examined by AUSA Demas; crossed. Following government exhibits received into evidence: 3500JB-1, 3500JB-2, 3500AW-1. Post hearing letter briefs due 6/26/13, replies due 6/28/13. Court will render ruling at next scheduled conference on 7/8/13 at 11 AM. (Court Reporter: Fred Guerino.) (Chee, Alvin) (Entered: 06/19/2013) |
| 06/21/2013 | 60 | Letter *dated June 21, 2013 re: Rule 16 Discovery* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Demas, Tiana) (Entered: 06/21/2013) |
| 06/25/2013 | 61 | MOTION to Suppress *Letter Brief* by Edward Byam. (Castro, Deron) (Entered: 06/26/2013) |
| 06/26/2013 | 62 | Letter *dated June 26, 2013 Regarding Brady Disclosure* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Demas, Tiana) (Entered: 06/26/2013) |
| 06/26/2013 | 63 | Letter *Post-Hearing Brief Seeking Suppression* as to Derrick Dunkley (Daniel, Emily) (Entered: 06/26/2013) |
| 06/26/2013 | 64 | RESPONSE in Opposition re 48 MOTION to Suppress *Motion to Preclude & Motion to Compel (Post-Hearing Response)* (Cruz Melendez, Maria) (Entered: 06/26/2013) |
| 06/26/2013 | 65 | RESPONSE in Opposition re 45 MOTION to Suppress *Results of Search and Statements (Post-Hearing Brief)* (Cruz Melendez, Maria) (Entered: 06/26/2013) |
| 06/28/2013 | 66 | REPLY TO RESPONSE to Motion re 45 MOTION to Suppress *Results of Search and Statements (Reply to Defendant Derrick Dunkley's Post-Hearing June 26, 2013 Letter Brief)* (Cruz Melendez, Maria) (Entered: 06/28/2013) |
| 06/28/2013 | 67 | Letter *Hearing Reply Brief* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Daniel, Emily) (Entered: 06/28/2013) |
| 07/01/2013 | 68 | **ORDER** as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley --- This case has been referred to me for purposes of selecting a trial jury, which I will do on July 29, 2013, beginning promptly at 9:30 a.m. in courtroom 10A, South. I direct counsel for each party to submit, no later than noon on July 25, 2013, any questions the party wishes me to ask prospective jurors during *voir dire*. Only questions specifically addressing the issues to be tried should be submitted; routine questions are not necessary. I further direct each party to include within its submission a list of the names of all persons, entities, and locations that the party expects to be mentioned during the trial. Counsel for each defendant is directed to make arrangements no later than July 26, 2013, to insure that the defendants have appropriate attire for all court proceedings and must arrive at the courthouse early enough on July 29, 2013, to ensure that the defendants are dressed for court <u>before</u> the scheduled start of jury selection at 9:30 a.m. Ordered by Magistrate Judge James Orenstein on 7/1/2013. (Guy, Alicia) (Entered: 07/01/2013) |
| 07/05/2013 | 69 | Letter *dated July 5, 2013 Disclosing Brady Material* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Demas, Tiana) (Entered: 07/05/2013) |
| 07/06/2013 | 70 | Letter *Expert Notice Letter* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Demas, Tiana) (Entered: 07/06/2013) |
| 07/08/2013 | 71 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Rulings on Suppression Motions held on 7/8/13. AUSA Tiana Demas and Maria Cruz |

SA-14

| | | |
|---|---|---|
| | | Melendez; Deron Castro for defendant Byam; Scott Brettschneider for defendant Monsalvatge; Emily Daniel for defendant Dunkley. As to defendant Byam: Motion to suppress granted in part, denied in part in accordance with Cout's findings and discussion with counsel. As to defendant Monsalvatge: Court will rule in writing, shortly. As to defendant Dunkley: Motion to suppress denied in all respects. Jury selection scheduled for Monday, 7/29/13, before Magistrate Judge Orenstein to be held in Courtroom 10A-S. The Court will hold a conference after jury selection. Openings will begin on Tuesday, 7/30/13 at 9:30 AM. (Court Reporter: Charleane Heading.) (Chee, Alvin) (Entered: 07/09/2013) |
| 07/11/2013 | 72 | Consent MOTION for Extension of Time to File *Additional Briefing Concerning Byam's Suppression Motion* by USA as to Edward Byam. (Demas, Tiana) (Entered: 07/11/2013) |
| 07/11/2013 | 73 | Letter *404(b) Challenge* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Attachments: # 1 Affidavit) (Daniel, Emily) (Entered: 07/11/2013) |
| 07/12/2013 | 74 | ORDER granting 72 Motion for Extension of Time to File as to Edward Byam: The government's request for an extension of time until 7/15/13 to file any additional papers regarding the suppression motion is approved. Ordered by Judge Raymond J. Dearie on 7/11/2013. (Chee, Alvin) (Entered: 07/12/2013) |
| 07/13/2013 | 75 | Letter *dated July 8, 2013 re: Rule 16 Discovery* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Demas, Tiana) (Entered: 07/13/2013) |
| 07/13/2013 | 76 | Letter *dated July 13, 2013 re: Rule 16 Discovery and Expert Disclosure* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Demas, Tiana) (Entered: 07/13/2013) |
| 07/13/2013 | 77 | NOTICE OF ATTORNEY APPEARANCE Tyler Joseph Smith appearing for USA. (Smith, Tyler) (Entered: 07/13/2013) |
| 07/15/2013 | 78 | RESPONSE to Motion re 48 MOTION to Suppress *Motion to Preclude & Motion to Compel Regarding Evidence Seized Pursuant to Search Warrant and Seeking Reconsideration of the Court's 7/8/13 Ruling* (Demas, Tiana) (Entered: 07/15/2013) |
| 07/17/2013 | 79 | MOTION in Limine *to Admit Evidence and Require Disclosure of Alibi Defense* by USA as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley. (Smith, Tyler) (Entered: 07/17/2013) |
| 07/19/2013 | 80 | Letter *Dunkley Request for Rule 404(b) Discovery* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Attachments: # 1 Exhibit) (Daniel, Emily) (Entered: 07/19/2013) |
| 07/20/2013 | 81 | Letter *dated July 20, 2013 re: Rule 16 Discovery* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Demas, Tiana) (Entered: 07/20/2013) |
| 07/22/2013 | 82 | RESPONSE in Opposition re 79 MOTION in Limine *to Admit Evidence and Require Disclosure of Alibi Defense* (Castro, Deron) (Entered: 07/22/2013) |
| 07/22/2013 | 83 | Letter *providing Expert Notification* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Attachments: # 1 Exhibit McKenna CV) (Smith, Tyler) (Entered: 07/22/2013) |
| 07/23/2013 | 84 | ORDER as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley --- The |

SA-15

defendants herein, Edward Byam, Akeem Monsalvatage and Derrick Dunkley, currently in custody at the Metropolitan Detention Center-Brooklyn(MDC), located at 80 29th Street, Brooklyn, New York 11232 will appear before the undersigned for jury selection on Monday, July 29, 2013. In keeping with appropriate courtroom dress and decorum for all parties, especially with a jury present, it is hereby ORDERED, that as and when the defendants appear in court, they must be appropriately attired in businesslike dress (i.e., shoes, shirt, necktie, and slacks and a jacket (or a suit)). To that end, MDC is to accept delivery of the aforesaid attire from the defendants attorneys or their attorneys designees, and ensure that the defendants are dressed in the attire provided at MDC before their arrival to court on Monday, July 29, 2013. Ordered by Magistrate Judge James Orenstein on 7/23/2013. (Guy, Alicia) (Entered: 07/23/2013)

| 07/23/2013 | 85 | Letter *replying to defendants' responses to government's motion to admit evidence* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Smith, Tyler) (Entered: 07/23/2013) |
|---|---|---|
| 07/23/2013 | 87 | ORDER as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley: Pursuant to Federal Rule of Criminal Procedure 12.1, the Court orders defendants to notify the Government of their intent to introduce any alibi defense by Friday, July 26, 2013. See ECF Dkt. #79, Government's Motion in Limine to Admit Evidence and Require Disclosure of Alibi Defense. Ordered by Judge Raymond J. Dearie on 7/23/2013. (Chee, Alvin) (Entered: 07/24/2013) |
| 07/24/2013 | 86 | Letter *Dunkley Reply to Government Motion in Limine* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Daniel, Emily) (Entered: 07/24/2013) |
| 07/24/2013 | 88 | Proposed Jury Instructions by Edward Byam as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Castro, Deron) (Entered: 07/25/2013) |
| 07/25/2013 | 89 | Proposed Voir Dire by USA as to Edward Byam, Akeem Monsalvatage, Derrick Dunkley (Attachments: # 1 Attachment A) (Cruz Melendez, Maria) (Entered: 07/25/2013) |
| 07/25/2013 | 90 | Letter *Dunkley Names and Locations* as to Edward Byam, Akeem Monsalvatage, Derrick Dunkley (Daniel, Emily) (Entered: 07/25/2013) |
| 07/25/2013 | 91 | Proposed Jury Instructions by USA as to Edward Byam, Akeem Monsalvatage, Derrick Dunkley (Attachments: # 1 Proposed Verdict Sheet) (Smith, Tyler) (Entered: 07/25/2013) |
| 07/25/2013 | 92 | Proposed Voir Dire by Edward Byam (Castro, Deron) (Entered: 07/25/2013) |
| 07/25/2013 | 93 | Letter *to Counsel Regarding Supplemental Disclosures Pursuant to Rule 16 of the Federal Rules of Criminal Procedure* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Cruz Melendez, Maria) (Entered: 07/25/2013) |
| 07/25/2013 | 94 | Letter *to Counsel Regarding Supplemental Disclosures Pursuant to Rule 16 of the Federal Rules of Criminal Procedure* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Cruz Melendez, Maria) (Entered: 07/25/2013) |
| 07/26/2013 | 95 | Letter as to Derrick Dunkley --- I am the CJA attorney assigned to represent Derrick Dunkley in the above-referenced case. Please note that other than joining in the Voir Dire requests of counsel for Edwrad Byam, Deron Castro, Esq. (in his July 25, 2013 letter to this Court), defendant Dunkley has no additional *Voir Dire* |

| | | requests for the jury selection which is to take place on July 29, 2013.I thank the Court for its time and consideration. (Guy, Alicia) (Entered: 07/26/2013) |
|---|---|---|
| 07/26/2013 | 96 | Proposed Jury Instructions by Akeem Monsalvatge (Brettschneider, Scott) (Entered: 07/26/2013) |
| 07/28/2013 | 97 | Letter *regarding evidence not available for inspection* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Smith, Tyler) (Entered: 07/28/2013) |
| 07/28/2013 | 98 | MOTION in Limine *Regarding Government's Disclosures Pursuant to Giglio v. United States, 405 U.S. 150 (1972)* by USA as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley. (Cruz Melendez, Maria) (Entered: 07/28/2013) |
| 07/29/2013 | 100 | Minute Entry for proceedings held before Magistrate Judge James Orenstein: Jury Selection held on 7/29/2013 as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley. Jury selected. (Court Reporter: Allan Sherman.) (Chee, Alvin) (Entered: 07/30/2013) |
| 07/29/2013 | 105 | Minute Entry: for proceedings held before Judge Raymond J. Dearie:Pretrial Conference as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 7/29/2013, ( Jury Trial set for 7/30/2013 09:30 AM in Courtroom 10A South before Judge Raymond J. Dearie.) AUSA: Tiana Demas, Maria Cruz Melendez. (Court Reporter Lisa Schwam.) (Galeano, Sonia) (Entered: 08/05/2013) |
| 07/30/2013 | 99 | Letter *in Further Support of Motion in Limine to Admit Evidence of April 1, 2010 Attempted Robbery* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Demas, Tiana) (Entered: 07/30/2013) |
| 07/30/2013 | 102 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Jury Trial as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 7/30/2013. AUSA Tiana Demas, Maria Cruz Melendez, and Tyler Smith; Deron Castro for defendant Byam; Scott Brettschneider for defendant Monsalvatge; Emily Daniel for defendant Dunkley. Trial ordered and begun. Jurors sworn. Preliminary remarks to jury. Opening statements: AUSA Maria Cruz Melendez, Deron Castro, Scott Brettschneider, Emily Daniel. Following government witnesses sworn and testified: Liloutie Ramnana examined by AUSA Cruz-Melendez, crossed by Mr. Castro and Mr. Brettschneider. Sean Anderson examined by AUSA Demas, crossed by Mr. Castro and Mr. Brettschneider. Khawar Sheraz examined by AUSA Demas, crossed by Ms. Daniel. Paul Norman examined by AUSA Demas, crossed by Mr. Castro, Mr. Brettschneider, and Ms. Daniel. Detective Michael Visconti examined by AUSA Smith. Jury trial to continue on 7/31/13 at 10 AM. Following government exhibits received into evidence: 1, 2-A through 2-OOO, 3-E, 3-L, 3-M, 3-N, 3-P, 3-Q, 3-X, 3-AAA, 3-BBB, 3-CCC, 3-JJ, 4,5,6,7, 8-A, 8-B, 8-C, 9-A, 9-B, 9-C, 10-A through 10-E, 85-A, 85-B, 85-C. (Court Reporter: Lisa Schwam.) (Chee, Alvin) (Entered: 08/05/2013) |
| 07/31/2013 | 103 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Continuation of Jury Trial as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 7/31/2013. AUSA Tiana Demas, Maria Cruz Melendez, and Tyler Smith; Deron Castro for defendant Byam; Scott Brettschneider for defendant Monsalvatge; Emily Daniel for defendant Dunkley. Following government witnesses sworn and testified: Continuation of direct exam of witness Detective Michael Visconti by AUSA Smith, crossed by Mr. Castro, Mr. Brettschneider and Ms. Daniel. Jennifer Rodriguez examined by AUSA Smith, no cross. Daniel Jacobson examined by |

Eastern District of New York - LIVE Database V6.1

|  |  |  |
|---|---|---|
|  |  | AUSA Demas, crossed by Ms. Daniel. Detective Carlos Pantoja examined by AUSA Cruz-Melendez, crossed by Mr. Castro and Mr. Brettschneider. Jodi Ann Ferguson examined by AUSA Demas, crossed by Mr. Castro. Greg Phillips examined by AUSA Smith, crossed by Mr. Castro. Ebonie Nisbett examined by AUSA Cruz-Melendez, cross by Mr. Brettschneider. Jury trial to continue on 8/1/13 at 9:30 AM. Following government exhibits received into evidence: 3-A through 3-FFF, 8-A, 8-B, 8-C, 12, 13-A through 13-D, 21-A, 21-B, 25,26,46,79,99, 100. (Court Reporter: Lisa Schwam.) (Chee, Alvin) (Entered: 08/05/2013) |
| 08/01/2013 | 104 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Continuation of Jury Trial as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 8/1/2013. AUSA Tiana Demas, Maria Cruz Melendez, and Tyler Smith; Deron Castro for defendant Byam; Scott Brettschneider for defendant Monsalvatge; Emily Daniel for defendant Dunkley. Following government witnesses sworn and testified: Elliot Sash examined by AUSA Smith, crossed by Ms. Daniel. Jessica Libas examined by AUSA Demas, cross by Mr. Brettschneider. Imran Alli examined by AUSA Cruz-Melendez, crossed by Mr. Castro, Mr. Brettschneider, and Ms. Daniel. Suzanne Castillo examined by AUSA Demas, cross by Mr. Castro and Ms. Daniel. Officer Daniel Ward examined by AUSA Cruz-Melendez, crossed by Mr. Castro. Deseree Stinson examined by AUSA Demas, crossed by Ms. Daniel. Justin McManus examined by AUSA Smith, no cross. Jury trial to continue on 8/5/13 at 9:30 AM. Following government record received into evidence: 18,19,20,24,41,42,43,44,45,47,47-A,60,61,69,77,92, 101, 101-A, 103, 104, 105-A, 105-B. (Court Reporter: Lisa Schwam.) (Chee, Alvin) (Entered: 08/05/2013) |
| 08/02/2013 | 101 | Letter *Regarding Supplemental Disclosures Pursuant to Rule 16 of the Federal Rules of Criminal Procedure* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Cruz Melendez, Maria) (Entered: 08/02/2013) |
| 08/05/2013 | 110 | Minute Entry for proceedings held before Judge Raymond J. Dearie:Jury Trial as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 8/5/2013. Witness testimony. Jury trial to continue on 8/6/2013 at 10:00 a.m. Following government exhibits received into evidence: 54, 55-A, 55-B, 22, 15, 11, 14, 17, 23, 27, 28, 29, 29-A, 35, 36, 37, 95, 95-A, 65, 66, 33, 34, 38, 106, 107, 102-A through 102-Q 49, 49-a through 45-DDDD, 96, 110, 102L. (Court Reporter Michele Nardone) (Lee, Tiffeny) (Entered: 08/14/2013) |
| 08/06/2013 | 106 | Proposed Jury Instructions by USA as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Cruz Melendez, Maria) (Entered: 08/06/2013) |
| 08/06/2013 | 109 | DEFENDANTS' EXHIBIT LIST. (Brucella, Michelle) (Entered: 08/13/2013) |
| 08/06/2013 | 111 | Minute Entry for proceedings held before Judge Raymond J. Dearie:Jury Trial as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 8/6/2013. Witness testimony. Jury trial to continue on 8/7/2013 at 9:30 a.m. Following Government Exhibits received into evidence: 52, 53, 56-A, 48, 50-A, 56-A, 50-W, 40, 58, 59, 68, 67, 64, 86, 62, 63, 111, 112. Following Defense Exhibits received into evidence: B,C. (Court Reporter Michele Nardone) (Lee, Tiffeny) (Entered: 08/14/2013) |
| 08/07/2013 | 112 | Minute Entry for proceedings held before Judge Raymond J. Dearie:Jury Trial as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 8/7/2013. |

SA-18

| | | |
|---|---|---|
| | | Witness testimony. Government rests. Defense moves for acquittal for reasons stated on the record. Motion denied. Defense rests. Trial concluded. Charging conference held. Jury trial continued. Following Government Exhibits Received Into Evidence: 80,81, 73, 130, 108, 77,92, 76,69,39,67, 70, 72,68, 113, 131,90,91,82-A, 94-A, B, C, 64, 67, 68, 87, 88, 83, 84, 120, 121, 122, 123, 103, 99, 43, 44, 79. (Court Reporter Michele Nardone) (Lee, Tiffeny) (Entered: 08/14/2013) |
| 08/08/2013 | 107 | Letter *Regarding Government's Request for A Pinkerton Charge to the Jury* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Cruz Melendez, Maria) (Entered: 08/08/2013) |
| 08/08/2013 | 113 | Minute Entry for proceedings held before Judge Raymond J. Dearie:Jury Trial as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 8/8/2013. Government and Defense Summations. Government Rebuttal. Jury Charge. Deliberations begin. Deliberations to continue on 8/9/2013 @ 9:30 a.m. Court Exhibit 2 marked, (Jury Note.) (Court Reporter Michele Nardone) (Lee, Tiffeny) (Entered: 08/14/2013) |
| 08/09/2013 | 108 | ORDER OF SUSTENANCE. Ordered by Judge Raymond J. Dearie on 8/9/2013. (Brucella, Michelle) (Entered: 08/13/2013) |
| 08/09/2013 | 114 | Minute Entry for proceedings held before Judge Raymond J. Dearie:Jury Trial as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 8/9/2013. Deliberations continue. Jury returns with verdict. Defendant Byam: Guilty Counts 1-5; Defendant Monsalvatge: Guilty Counts 1-5; Defendant Dunkley: Guilty Counts 1-5. Jury polled and excused with the thanks of the Court. Court Exhibits 3-9. (Court Reporter Michele Nardone) (Lee, Tiffeny) (Entered: 08/14/2013) |
| 08/09/2013 | 115 | JURY VERDICT as to Edward Byam (1) Guilty on Count 1s-2s,3s,4s,5s and Akeem Monsalvatge (2) Guilty on Count 1s-2s,3s,4s,5s and Derrick Dunkley (3) Guilty on Count 1-2,3,4,5. (Lee, Tiffeny) (Entered: 08/14/2013) |
| 08/14/2013 | 116 | COURT EXHIBIT LIST as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley. (Galeano, Sonia) (Entered: 08/14/2013) |
| 08/15/2013 | 117 | MEMORANDUM & ORDER as to Edward Byam, Akeem Monsalvatge and Derrick Dunkley: The outstanding motions to suppress are DENIED. Ordered by Judge Raymond J. Dearie on 8/15/2013. (Chee, Alvin) (Entered: 08/16/2013) |
| 08/15/2013 | 118 | NOTICE OF SENTENCING AND BRIEFING SCHEDULE as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley: Sentencing set for 2/14/2014 at 10 AM in Courtroom 10A South before Judge Raymond J. Dearie. The Court sets the following briefing schedule: Pre-sentence reports shall be disclosed on or before 11/8/13. Objections to the pre-sentence report due on or before 12/9/13. Sentence submission of defense due on or before 1/17/14. Sentence submission of government due on or before 1/31/14. Ordered by Judge Raymond J. Dearie on 8/15/13. (Chee, Alvin) (Entered: 08/16/2013) |
| 08/27/2013 | 119 | Letter MOTION for Extension of Time to File *a Rule 29 Motion; filed* by Derrick Dunkley, dated 8/23/2013. (Latka-Mucha, Wieslawa) (Entered: 08/28/2013) |
| 09/13/2013 | 120 | Letter *Request for minutes and extension of time* as to Derrick Dunkley (Daniel, |

| | | |
|---|---|---|
| | | Emily) (Entered: 09/13/2013) |
| 09/18/2013 | 121 | RESPONSE in Opposition re 119 Letter MOTION for Extension of Time to File *a Rule 29 Motion; filed* (Demas, Tiana) (Entered: 09/18/2013) |
| 09/20/2013 | 123 | MOTION to Set Aside Verdict *Jury Verdict pursuant to Fed. R. Crim. P. 29 and 33* by Derrick Dunkley, pro se. (Chee, Alvin) (Entered: 09/23/2013) |
| 09/23/2013 | 122 | Letter *Dunkley Pro Se Rule 29 Motion* as to Derrick Dunkley (Daniel, Emily) (Entered: 09/23/2013) |
| 09/30/2013 | 124 | ORDER as to Derrick Dunkley re 120 Letter requesting trial minutes: Transcript is authorized for counsel in anticipation of possible appeal, in the ordinary course, at standard copy rate. Ordered by Judge Raymond J. Dearie on 9/25/2013. (Chee, Alvin) (Entered: 09/30/2013) |
| 10/02/2013 | 125 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 8-5-13, before Judge Dearie. Court Reporter/Transcriber M. Nardone, Telephone number 718-613-2601. Email address: mishrpr@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/23/2013. Redacted Transcript Deadline set for 11/4/2013. Release of Transcript Restriction set for 12/31/2013. (Nardone, Michele) (Entered: 10/02/2013) |
| 10/02/2013 | 126 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 8-6-13, before Judge Dearie. Court Reporter/Transcriber M. Nardone, Telephone number 718-613-2601. Email address: mishrpr@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/23/2013. Redacted Transcript Deadline set for 11/4/2013. Release of Transcript Restriction set for 12/31/2013. (Nardone, Michele) (Entered: 10/02/2013) |
| 10/02/2013 | 127 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 8-7-13, before Judge Dearie. Court Reporter/Transcriber M. Nardone, Telephone number 718-613-2601. Email address: mishrpr@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/23/2013. Redacted Transcript Deadline set for 11/4/2013. Release of Transcript Restriction set for 12/31/2013. (Nardone, Michele) (Entered: 10/02/2013) |
| 10/02/2013 | 128 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 8-8-13, before Judge Dearie. Court Reporter/Transcriber M. Nardone, Telephone number 718-613-2601. Email address: mishrpr@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/23/2013. Redacted Transcript |

| | | Deadline set for 11/4/2013. Release of Transcript Restriction set for 12/31/2013. (Nardone, Michele) (Entered: 10/02/2013) |
|---|---|---|
| 10/02/2013 | 129 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 8-9-13, before Judge Dearie. Court Reporter/Transcriber M. Nardone, Telephone number 718-613-2601. Email address: mishrpr@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/23/2013. Redacted Transcript Deadline set for 11/4/2013. Release of Transcript Restriction set for 12/31/2013. (Nardone, Michele) (Entered: 10/02/2013) |
| 11/25/2013 | 133 | MOTION to Appoint Counsel by Derrick Dunkley. (Chee, Alvin) (Entered: 12/02/2013) |
| 12/09/2013 | 134 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by USA as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Attachments: # 1 Exhibit 1) (Demas, Tiana) (Entered: 12/09/2013) |
| 12/12/2013 | 135 | Undated letter from Derrick Dunkley, pro se, to Hon. Raymond J. Dearie advising the Court of his desire to withdraw his motion for new counsel. (Chee, Alvin) (Entered: 12/19/2013) |
| 01/03/2014 | | ELECTRONIC ORDER withdrawing 133 Motion to Appoint Counsel as to Derrick Dunkley (3). Defendant Derrick Dunkley by way of letter, undated, requests that Ms. Daniels remain as his legal counsel. See document number 135. The Clerk of the Court is directed to terminate motion for appointment of new counsel, as withdrawn. So Ordered by Judge Raymond J. Dearie on 1/3/2014. (Mulqueen, Ellen) (Entered: 01/03/2014) |
| 01/17/2014 | 136 | Letter *Sentencing Memorandum* as to Derrick Dunkley (Attachments: # 1 Exhibit, # 2 Exhibit) (Daniel, Emily) (Entered: 01/17/2014) |
| 01/17/2014 | 137 | SENTENCING MEMORANDUM by Edward Byam (Castro, Deron) (Entered: 01/17/2014) |
| 01/17/2014 | 138 | SENTENCING MEMORANDUM by Edward Byam (Attachments: # 1 Exhibit) (Castro, Deron) (Entered: 01/17/2014) |
| 01/28/2014 | 140 | Sentencing Letter as to Akeem Monsalvatge (Brettschneider, Scott) (Entered: 01/28/2014) |
| 02/06/2014 | 141 | Letter *requesting adjournment of sentencing* as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Smith, Tyler) (Entered: 02/06/2014) |
| 02/12/2014 | | ELECTRONIC ORDER as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley re 141 adjournment request Letter; Granted as follows: Counsel are advised that Sentence previously scheduled for 2/14/14 is rescheduled to 4/4/2014 at 10:30 AM in Courtroom 10A South before the undersigned. Government Sentence Submission(s) due on or before 3/10/2014. So Ordered. Judge Raymond J. Dearie. Dated: 2/12/2014. (Mulqueen, Ellen) (Entered: 02/12/2014) |
| 02/14/2014 | 142 | Letter *Sentencing Adjournment* as to Derrick Dunkley (Daniel, Emily) (Entered: 02/14/2014) |

**SA-21**

| 03/03/2014 | 144 | MOTION to Appoint Counsel by Akeem Monsalvatge, pro se. (Chee, Alvin) (Entered: 03/28/2014) |
|---|---|---|
| 03/10/2014 | 143 | SENTENCING MEMORANDUM by USA as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley (Smith, Tyler) (Entered: 03/10/2014) |
| 03/28/2014 | | ELECTRONIC SCHEDULING ORDER as to Akeem Monsalvatge. Counsel are advised that a status conference as to defendant Monsalvatge is scheduled for Tuesday April 1, 2014 at 11:30am before the undersigned. So Ordered. Judge Raymond J. Dearie on 3/28/2014. (Mulqueen, Ellen) (Entered: 03/28/2014) |
| 04/01/2014 | 151 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Status Conference as to Akeem Monsalvatge held on 4/1/2014. AUSA Tyler Smith; Scott Brettschneider for defendant. Case called for status conference regarding defendant's letter dated 2/27/14 (docket entry #144). For the reasons stated on the record, defendant advises Court that he wishes to proceed with Mr. Brettschneider and is prepared to go forward with sentence. Case adjourned to 4/4/14 at 10:30 AM for sentence. (Court Reporter: Charlene Heading.) (Chee, Alvin) (Entered: 04/08/2014) |
| 04/02/2014 | 145 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Akeem Monsalvatge (Brettschneider, Scott) (Entered: 04/02/2014) |
| 04/02/2014 | 146 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Akeem Monsalvatge (Brettschneider, Scott) (Entered: 04/02/2014) |
| 04/02/2014 | 149 | OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT by Derrick Dunkley, pro se. (Chee, Alvin) (Entered: 04/04/2014) |
| 04/02/2014 | 150 | Miscellaneous Certificates of Achievement submitted by Derrick Dunkley, pro se. (Chee, Alvin) (Entered: 04/04/2014) |
| 04/04/2014 | 152 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Sentencing held on 4/4/2014 for Akeem Monsalvatge (2), Counts 1s-5s. AUSA Tiana Demas, Tyler Smith and Maria Melendez; Scott Brettschneider for defendant. Defendant convicted on 8/9/13 after jury trial to counts 1-5 of a five count superseding indictment (S-1). Sentence arguments heard. Defendant sentenced to a total term of 32 years imprisonment as follows: Count 1: one day to run concurrently to counts 2 and 4; Count 2: one day to run concurrently to counts 1 and 4; Count 3: Seven years to run consecutively to all other counts; Count 4: one day to run concurrently to counts 1 and 2; Count 5: 25 years to run consecutively to all other counts. The Court recommends designation to an institution in the New York metropolitan area for family contact/visitation reasons. The Court further invites consideration of FCI Otisville, FCI Fairton, or FCI Fort Dix. Restitution on count one in the amount of $240,795.62 due immediately and payable at a rate of $25 per quarter while in custody, and at a rate of 10% of disposable income per month while on supervised release. Supervised release for five years. Conditions of SR: 1) Standard conditions of supervised release; 2) Defendant shall provide full financial disclosure to the Probation Department. Special assessment of $100 on each count for a total of $500. Upon motion of AUSA, underlying indictment dismissed. Defendant advised of his right to appeal. (Court Reporter: Charleane Heading.) (Chee, Alvin) (Entered: 04/10/2014) |
| 04/04/2014 | 155 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Sentencing |

| | | |
|---|---|---|
| | | held on 4/4/2014 for Derrick Dunkley (3), Counts 1-5. AUSA Tiana Demas, Tyler Smith and Maria Melendez; Emily Daniel for defendant. Defendant convicted on 8/9/13 after jury trial to counts 1-5 of a five count superseding indictment (S-1). Defendant's Rule 29 and 33 motion (docket entry #123) is denied. Sentence arguments heard. Defendant sentenced to a total term of 32 years imprisonment as follows: Count 1: One day to run concurrently to counts 2 and 4; Count 2: One day to run concurrently to counts 1 and 4; Count 3: Seven years to run consecutively to all other counts; Count 4: One day to run concurrently to counts 1 and 2; Count 5: 25 years to run consecutively to all other counts. The Court recommends designation to an institution in the New York metropolitan area for family contact/visitation reasons. The Court further invites consideration of FCI Otisville. Restitution on count one in the amount of $240,795.62 due immediately and payable at a rate of $25 per quarter while in custody, and at a rate of 10% of disposable income per month while on supervised release. Supervised release for five years. Conditions of SR: 1) Standard conditions of supervised release; 2) Defendant shall provide full financial disclosure to the Probation Department. Special assessment of $100 on each count for a total of $500. Defendant advised of his right to appeal. (Court Reporter: Charlene Heading.) (Chee, Alvin) (Entered: 04/10/2014) |
| 04/04/2014 | 158 | NOTICE OF APPEAL by Derrick Dunkley re 156 Judgment. No Fee, Designation: CJA Appointment (Brown, Marc) (Entered: 04/10/2014) |
| 04/04/2014 | 159 | Minute Entry for proceedings held before Judge Raymond J. Dearie: Sentencing held on 4/4/2014 for Edward Byam (1), Counts 1s-5s. AUSA Tiana Demas, Tyler Smith and Maria Melendez; Deron Castro for defendant. Defendant convicted on 8/9/13 after jury trial to counts 1-5 of a five count superseding indictment (S-1). Sentence arguments heard. Defendant sentenced to a total term of 32 years imprisonment as follows: Count 1: One day to run concurrently to counts 2 and 4; Count 2: One day to run concurrently to counts 1 and 4; Count 3: Seven years to run consecutively to all other counts; Count 4: One day to run concurrently to counts 1 and 2; Count 5: 25 years to run consecutively to all other counts. The Court recommends designation to an institution in the New York metropolitan area for family contact/visitation reasons. Restitution on count one in the amount of $240,795.62 due immediately and payable at a rate of $25 per quarter while in custody, and at a rate of 10% of disposable income per month while on supervised release. Supervised release for five years. Conditions of SR: 1) Standard conditions of supervised release; 2) Defendant shall provide full financial disclosure to the Probation Department. Special assessment of $100 on each count for a total of $500. All open counts dismissed on government's motion. Defendant advised of right to appeal. (Court Reporter: Charleane Heading.) (Chee, Alvin) (Entered: 04/10/2014) |
| 04/04/2014 | 162 | NOTICE OF APPEAL by Edward Byam re 160 Judgment. Filing fee $ 505 paid, receipt number: 4653072300. (Attachments: # 1 receipt) (Brown, Marc) (Entered: 04/11/2014) |
| 04/10/2014 | 153 | JUDGMENT as to Akeem Monsalvatge (2), Count(s) 1s-5s: Imprisonment for a term of 32 years as follows: Count 1: one day to run concurrently to counts 2 and 4; Count 2: one day to run concurrently to counts 1 and 4; Count 3: Seven years to run consecutively to all other counts; Count 4: one day to run concurrently to counts 1 and 2; Count 5: 25 years to run consecutively to all other counts. The |

**SA-23**

| | | |
|---|---|---|
| | | Court recommends designation to an institution in the New York metropolitan area for family contact/visitation reasons. The Court further invites consideration of FCI Otisville, FCI Fairton, or FCI Fort Dix. Supervised release for five years. Conditions of SR: 1) Standard conditions of supervised release; 2) Restitution on count one in the amount of $240,795.62 due immediately and payable at a rate of $25 per quarter while in custody, and at a rate of 10% of disposable income per month while on supervised release; 3) Defendant shall provide full financial disclosure to the Probation Department. Special assessment of $100 on each count for a total of $500. Upon motion of AUSA, underlying indictment dismissed. Ordered by Judge Raymond J. Dearie on 4/4/2014. (Chee, Alvin) (Entered: 04/10/2014) |
| 04/10/2014 | 156 | JUDGMENT as to Derrick Dunkley (3), Counts 1-5: Imprisonment for a term of 32 years as follows: Count 1: one day to run concurrently to counts 2 and 4; Count 2: one day to run concurrently to counts 1 and 4; Count 3: Seven years to run consecutively to all other counts; Count 4: one day to run concurrently to counts 1 and 2; Count 5: 25 years to run consecutively to all other counts. The Court recommends designation to an institution in the New York metropolitan area for family contact/visitation reasons. The Court further invites consideration of FCI Otisville. Supervised release for five years. Conditions of SR: 1) Standard conditions of supervised release; 2) Restitution on count one in the amount of $240,795.62 due immediately and payable at a rate of $25 per quarter while in custody, and at a rate of 10% of disposable income per month while on supervised release; 3) Defendant shall provide full financial disclosure to the Probation Department. Special assessment of $100 on each count for a total of $500. Ordered by Judge Raymond J. Dearie on 4/4/2014. (Chee, Alvin) (Entered: 04/10/2014) |
| 04/10/2014 | | Electronic Index to Record on Appeal as to Derrick Dunkley sent to US Court of Appeals 158 Notice of Appeal - Final Judgment Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Brown, Marc) (Entered: 04/10/2014) |
| 04/10/2014 | 160 | JUDGMENT as to Edward Byam (1), Counts 1s-5s: Imprisonment for a term of 32 years as follows: Count 1: one day to run concurrently to counts 2 and 4; Count 2: one day to run concurrently to counts 1 and 4; Count 3: Seven years to run consecutively to all other counts; Count 4: one day to run concurrently to counts 1 and 2; Count 5: 25 years to run consecutively to all other counts. The Court recommends designation to an institution in the New York metropolitan area for family contact/visitation reasons. Supervised release for five years. Conditions of SR: 1) Standard conditions of supervised release; 2) Restitution on count one in the amount of $240,795.62 due immediately and payable at a rate of $25 per quarter while in custody, and at a rate of 10% of disposable income per month while on supervised release; 3) Defendant shall provide full financial disclosure to the Probation Department. Special assessment of $100 on each count for a total of $500. All open counts dismissed on government's motion. Ordered by Judge Raymond J. Dearie on 4/4/2014. (Chee, Alvin) (Entered: 04/10/2014) |
| 04/11/2014 | | Electronic Index to Record on Appeal as to Edward Byam sent to US Court of Appeals 162 Notice of Appeal - Final Judgment Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact |

SA-24

| | | the court and we'll arrange for the document(s) to be made available to you. (Brown, Marc) (Entered: 04/11/2014) |
|---|---|---|
| 04/13/2014 | 163 | NOTICE OF APPEAL by Akeem Monsalvatge as to Judgment of 4/10/14. No fee paid. Appellant represented by retained counsel. Service done electronically. (Brettschneider, Scott) Modified on 4/14/2014 (McGee, Mary Ann). (Entered: 04/13/2014) |
| 04/13/2014 | 164 | CJA 23 Financial Affidavit by Akeem Monsalvatge (Brettschneider, Scott) (Entered: 04/13/2014) |
| 04/14/2014 | | Electronic Index to Record on Appeal as to Akeem Monsalvatge sent to US Court of Appeals 163 Notice of Appeal - Final Judgment Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 04/14/2014) |
| 04/14/2014 | | APPEAL FILING FEE DUE re 163 Notice of Appeal - Final Judgment Please either come to the clerks office or mail the filing fee in the amount of $505.00. (McGee, Mary Ann) (Entered: 04/14/2014) |
| 04/17/2014 | 165 | USCA Appeal Fees received $ 505.00, receipt number 4653072915 as to Akeem Monsalvatge re 163 Notice of Appeal - Final Judgment : (McGee, Mary Ann) (Entered: 04/17/2014) |
| 04/17/2014 | | First Supplemental Electronic Index to Record on Appeal as to Akeem Monsalvatge sent to US Court of Appeals 163 Notice of Appeal - Final Judgment 165 USCA Fee. (McGee, Mary Ann) (Entered: 04/17/2014) |
| 04/17/2014 | 166 | Letter dated 4/15/14 from Akeem Monsalvatge, pro se, to Hon. Raymond J. Dearie, requesting that the Court appoint CJA attorney Jonathan Edelstein as appeals counsel. (Chee, Alvin) (Entered: 04/21/2014) |
| 04/22/2014 | 167 | ORDER as to Akeem Monsalvatge re 166 Letter requesting the appointment of Jonathan Edelstein as appeals counsel: I defer to U.S. Court of Appeals for the 2nd Circuit. C/M. Ordered by Judge Raymond J. Dearie on 4/22/2014. (Chee, Alvin) (Entered: 04/22/2014) |
| 04/29/2014 | 168 | Letter dated 4/25/14 from Derrick Dunkley, pro se, to Hon. Raymond J. Dearie, requesting that the Court lift the separation order issued by the US Attorney at the MDC. (Chee, Alvin) (Entered: 05/01/2014) |
| 05/06/2014 | 169 | Letter dated 5/4/14 from Akeem Monsalvatge, pro se, to Hon. Raymond J. Dearie, joining in co-defendant Dunkley's request for the Court to lift the separation order. (Chee, Alvin) (Entered: 05/08/2014) |
| 07/09/2014 | 170 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Derrick Dunkley for dates of 01/07/2013 before Judge Dearie, re 158 Notice of Appeal - Final Judgment Court Reporter/Transcriber Charisse Kitt, Telephone number 718-613-2606. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/30/2014. Redacted Transcript Deadline set for 8/11/2014. Release of Transcript Restriction set for 10/7/2014. (Kitt, Charisse) (Entered: 07/09/2014) |

SA-25

| 07/11/2014 | 171 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on June 14, 2013, before Judge Dearie. Court Reporter/Transcriber Charleane M. Heading, Telephone number 718-613-2643. Email address: cheading@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/1/2014. Redacted Transcript Deadline set for 8/11/2014. Release of Transcript Restriction set for 10/9/2014. (Heading, Charleane) (Entered: 07/11/2014) |
|---|---|---|
| 07/11/2014 | 172 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on July 8, 2013, before Judge Dearie. Court Reporter/Transcriber Charleane M. Heading, Telephone number 718-613-2643. Email address: cheading@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/1/2014. Redacted Transcript Deadline set for 8/11/2014. Release of Transcript Restriction set for 10/9/2014. (Heading, Charleane) (Entered: 07/11/2014) |
| 07/11/2014 | 173 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam held on April 4, 2014, before Judge Dearie. Court Reporter/Transcriber Charleane M. Heading, Telephone number 718-613-2643. Email address: cheading@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/1/2014. Redacted Transcript Deadline set for 8/11/2014. Release of Transcript Restriction set for 10/9/2014. (Heading, Charleane) (Entered: 07/11/2014) |
| 07/22/2014 | 174 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Derrick Dunkley held on 4-30-2013, before Judge Raymond Dearie. Court Reporter/Transcriber Lisa Schmid, Telephone number (718)613-2644. Email address: LisaSchmidCCR.RMR@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/12/2014. Redacted Transcript Deadline set for 8/22/2014. Release of Transcript Restriction set for 10/20/2014. (Schmid, Lisa) (Entered: 07/22/2014) |
| 07/25/2014 | 175 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 02/01/2014, before Judge RJD. Court Reporter/Transcriber V. Torres-Butler. Email address: VButlerRPR@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/15/2014. Redacted Transcript Deadline set for 8/25/2014. Release of Transcript Restriction set for 10/23/2014. (Torres-Butler, Victoria) (Entered: 07/25/2014) |
| 07/31/2014 | 176 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward |

**SA-26**

Eastern District of New York - LIVE Database V6.1

| | | |
|---|---|---|
| | | Byam, Akeem Monsalvatge, Derrick Dunkley held on 07/29/2013, before Judge Dearie. Court Reporter/Transcriber Lisa Schwam, Telephone number 718-613-2268. Email address: LisaSchwam@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/21/2014. Redacted Transcript Deadline set for 9/2/2014. Release of Transcript Restriction set for 10/29/2014. (Schwam, Lisa) (Entered: 07/31/2014) |
| 07/31/2014 | 177 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 07/30/2013, before Judge Dearie. Court Reporter/Transcriber Lisa Schwam, Telephone number 718-613-2268. Email address: LisaSchwam@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/21/2014. Redacted Transcript Deadline set for 9/2/2014. Release of Transcript Restriction set for 10/29/2014. (Schwam, Lisa) (Entered: 07/31/2014) |
| 07/31/2014 | 178 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 07/31/2013, before Judge Dearie. Court Reporter/Transcriber Lisa Schwam, Telephone number 718-613-2268. Email address: LisaSchwam@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/21/2014. Redacted Transcript Deadline set for 9/2/2014. Release of Transcript Restriction set for 10/29/2014. (Schwam, Lisa) (Entered: 07/31/2014) |
| 07/31/2014 | 179 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 08/01/2013, before Judge Dearie. Court Reporter/Transcriber Lisa Schwam, Telephone number 718-613-2268. Email address: LisaSchwam@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/21/2014. Redacted Transcript Deadline set for 9/2/2014. Release of Transcript Restriction set for 10/29/2014. (Schwam, Lisa) (Entered: 07/31/2014) |
| 08/07/2014 | 180 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Edward Byam, Akeem Monsalvatge, Derrick Dunkley held on 07-29-2014, before Judge Raymond J. Dearie. Court Reporter/Transcriber Allan R Sherman, Telephone number 718-613-2529. Email address: asher99983@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/28/2014. Redacted Transcript Deadline set for 9/8/2014. Release of Transcript Restriction set for 11/5/2014. (Sherman, Allan) (Entered: 08/07/2014) |
| 08/21/2014 | 181 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Akeem Monsalvatge held on June 14, 2013, before Judge Dearie. Court Reporter/Transcriber Charleane M. Heading, Telephone number 718-613-2643. |

| | | |
|---|---|---|
| | | Email address: cheading@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/11/2014. Redacted Transcript Deadline set for 9/22/2014. Release of Transcript Restriction set for 11/19/2014. (Heading, Charlene) (Entered: 08/21/2014) |
| 08/21/2014 | 182 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Akeem Monsalvatge held on April 4, 2014, before Judge Dearie. Court Reporter/Transcriber Charlene M. Heading, Telephone number 718-613-2643. Email address: cheading@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/11/2014. Redacted Transcript Deadline set for 9/22/2014. Release of Transcript Restriction set for 11/19/2014. (Heading, Charlene) (Entered: 08/21/2014) |
| 09/14/2014 | 183 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Akeem Monsalvatge held on 3-28-13, before Judge Dearie. Court Reporter/Transcriber M.Nardone, Telephone number 718-613-2601. Email address: mishrpr@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/6/2014. Redacted Transcript Deadline set for 10/15/2014. Release of Transcript Restriction set for 12/15/2014. (Nardone, Michele) (Entered: 09/14/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/17/2015 15:24:48 | | |
| **PACER Login:** | hm3293:4243554:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cr-00586-RJD |
| **Billable Pages:** | 27 | **Cost:** | 2.70 |

**SA-28**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA

           -against-

EDWARD BYAM, AKEEM MONSALVATGE,
and DERRICK DUNKLEY,

                        Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

12 CR 586 (RJD)

DEARIE, District Judge.

       Defendants Edward Byam ("Byam"), Akeem Monsalvatge ("Monsalvatge"), and Derrick Dunkley ("Dunkley"), were charged in a five-count superseding indictment pertaining to the armed robbery of Pay-O-Matic check cashing stores in Queens, New York. Defendants submitted motions to suppress certain evidence obtained during the investigation of these charges. Following a suppression hearing on June 18, 2013, this Court granted in part, and denied in part, the motions addressed at the hearing. For the reasons that follow, we denied the outstanding motions made on submission.

    ***A. The Fruits of the August 23, 2012 Search***

       Byam moves to suppress evidence seized during the execution of a search warrant for his apartment on August 23, 2012—two days after he was arrested there. He argues that this evidence is the "fruit" of the illegal, warrantless search of his apartment conducted on the day of his arrest. We disagree.

       First, we ruled that the agents were justified in conducting a protective sweep of Byam's apartment when he was arrested. Transcript of Proceedings, July 8, 2013 ("Tr.") at 3. And although we suppressed certain evidence improperly seized during the protective sweep, Tr. 3-6, we find that the subsequent search warrant application contained sufficient "untainted" evidence

**SA-29**

to establish probable cause. See Lamaan v. United States, 973 F.2d 107, 115 (2d Cir. 1992) (recognizing that where evidence is obtained as a result of an application for a search warrant that contains both tainted and untainted evidence, the warrant may be upheld if the untainted evidence, standing alone, establishes probable cause). Specifically, Agent Winston's affidavit included: (1) a description of a Pay-O-Matic employment application, partially filled out with Byam's information, found in plain view during the protective sweep; (2) records of a purchase made by "Edward Byam" of "Mac the Guy" high-end, special effects masks, which appear to match the masks used in the robbery; (3) the fact that a photo used in the commission of the robbery was traced to a Walgreens and then to a receipt showing that the photo had been printed for "Byam, E."; (4) a description of the unseasonable clothing Byam was wearing upon his arrest in August—two pairs of pants and a dark, long-sleeved shirt—from which one could infer that he was on his way to commit a robbery; and (5) testimony that the agents observed the strong smell of bleach in Byam's apartment when he was arrested (in light of the fact that the robbers used a substance that smelled like bleach during the robbery). Because we are confident that a magistrate judge would have issued a search warrant on the basis of this untainted evidence, we uphold the search warrant's validity.

We also find that the August 23, 2013 search was a sufficiently independent source of evidence because the government was likely to seek the warrant for Byam's apartment notwithstanding the illegal aspects of the August 21 protective sweep. See Murray v. U.S., 487 U.S. 533, 542 (1988) (noting that a search pursuant to a warrant would not be considered a genuinely independent source of information if the agents' decision to seek the warrant was prompted by what was seen during an initial, illegal entry). Here, the pre-existing evidence, the Pay-O-Matic application found in plain view during Byam's arrest, and the unusual observations

2

**SA-30**

made upon Byam's arrest no doubt prompted the government to seek a search warrant of the apartment.

Accordingly, Byam's motion to suppress the fruits of the August 23, 2013 search is denied.

### B. Monsalvatge's Challenge to the Search Warrant

Defendant Monsalvatge challenges the validity of a search warrant for historical cell-cite information issued by Magistrate Judge Ramon Reyes, Jr. on June 29, 2012. Specifically, he points to a "false and misleading" error in paragraph (7) of Agent Winston's supporting affidavit, which lists his phone number ("The Monsalvatge phone") as the number printed on the incriminating Walgreen's receipt and "subscribed to Jodi Ferguson and Edward Byam." In reality, the number on the back of the receipt was Byam's number ("The Byam phone"). Monsalvatge claims that without this erroneous information the affidavit lacked probable cause and moves to suppress any evidence obtained in that search.

Even if a search warrant proves invalid, the exclusionary rule barring illegally obtained evidence from introduction at trial does not apply where an agent reasonably relies on a defective warrant. United States v. Leon, 468 U.S. 897, 922 (1984). Monsalvatge argues that two of the recognized exceptions to this "good-faith" rule apply here, warranting suppression: (1) where the issuing magistrate has been knowingly or recklessly misled, and (2) where the application is so lacking in the "indicia of probable cause" as to render reliance upon it unreasonable. Id. at 923. We are not persuaded.

There is no indication that the error was anything more than typographical, and no evidence that it affected the decision of Magistrate Judge Reyes. Notwithstanding the isolated error in paragraph (7), the affidavit properly distinguishes between the Monsalvatge phone and

3

the Byam phone throughout the document. Furthermore, it would be nonsensical to read the warrant as suggested by the error, because it would indicate that the Byam phone was calling the Byam phone. We are not persuaded that Judge Reyes was misled.

We also find that Judge Reyes's decision to issue the warrant was not influenced by the error because there is satisfactory evidence supporting probable cause elsewhere in the affidavit. It is clear, in the context of the rest of the document, that the main basis for the warrant was the unusual level of correspondence between the Byam phone and the Monsalvatge phone, both on the day of the robbery (22 calls) and the in the two weeks preceding it (89 calls). Even if we remove the erroneous characterization in paragraph (7) of the affidavit, there is more than an "indicia" of probable cause supporting reasonable reliance on the warrant.

For the forgoing reasons, Monsalvatge's motion to suppress is denied.

### C. The Government's Motion for Reconsideration

Finally, we deny the Government's motion for reconsideration of this Court's decision to suppress certain evidence seized in the search of Byam's apartment on August 21, 2013.

The standard applicable to a motion for reconsideration in criminal cases has not been clearly established; no guidance can be found in the Federal Rules of Criminal Procedure or the Court's Local Criminal Rules. Accordingly, courts in this district borrow principles outlined in Local Civil Rule 6.3. See United States v. James, 2007 WL 914242, at *3 (E.D.N.Y. 2007); United States v. Mottley, 2003 WL 22083420 (S.D.N.Y. 2003). According to Rule 6.3, a motion for reconsideration should inform the court of "the matters or controlling decision which counsel believes the court has overlooked." A motion for reconsideration is not an opportunity to "reargue those issues already considered when a party does not like the way the original motion was resolved, nor may a party [] advance new facts, issues or arguments not previously presented

4

SA-32

to the court." James, 2007 WL 914242, at *3. Here, however, the Government's motion does exactly what the Rule prohibits.

The Government attempts to reargue issues already considered by challenging the Court's finding with respect to the inevitable discovery issue. The Government's argument is twofold: (1) that the Court's decision was based on the assumption that Byam's girlfriend had access to his apartment; and (2) that the Court may have overlooked Agent Winston's testimony regarding Byam's assertions that he lived alone in the apartment and that nobody else had a key to it. These assumptions are incorrect.

The Government misunderstands the standard in this case. The Court's ruling did not rely on specific assumptions, but rather, on the finding that the Government did not meet its burden of establishing that the evidence would inevitably have been discovered by a preponderance of the evidence. See Nix v. Williams, 467 U.S. 431, 444 (1984). In this Circuit, the inevitable discovery exception to the exclusionary rule applies "only where a court can find, with a high level of confidence, that each of the contingencies necessary to the legal discovery of the contested evidence would be resolved in the government's favor." United States v. Heath, 455 F.3d 52, 60 (2d Cir. 2006). It is not enough that there is a "reasonable probability that the contested evidence would have been discovered by lawful means in the absence of police misconduct." Id.

We are not required to find that the Government's burden is satisfied on the basis of Agent Winston's testimony that Byam claimed he lived alone and was the sole key-holder. Byam also suggested that his girlfriend could pick up his dog, which raised the possibility that other people may have had access to the apartment. This possibility was not mitigated by any information obtained by the Government. In fact, Agent Winston testified to her lack of

5

SA-33

knowledge about the apartment. See Transcript of Suppression Hearing, June 18, 2013, at 237 ("We thought that [the apartment] was one of the potential addresses that [Byam] might live at. We did not know for sure that he lived in the building, and we certainly didn't know where the apartment was. . ."). She also testified to her suspicion that, at the time of his arrest, Byam was on his way to commit another robbery—suggesting that others may have been aware that key evidence was at risk of being detected by the Government. Id. at 183 ("The two pairs of pants and the long sleeve shirt, it occurs to me that he's on his way to commit a robbery. We caught him on his way out the door."). In light of these facts, Byam's assertions regarding access to the apartment are not convincing.

The Court also looked for evidence of any steps the Government took to secure the premises while the search warrant was pending. See United States v. Eggers, 21 F. Supp.2d 261 (S.D.N.Y. 1998) (noting that agents left the house without taking any steps to ensure that evidence would remain there while they sought a warrant even though they did not know whether others (i.e. co-conspirators) had access to the home); United States v. Lavan, 10 F. Supp. 2d 377 (S.D.N.Y. 1998) (emphasizing that there was no risk of disappearance of evidence pending execution of warrant because the apartment was surrounded, and the physical nature of evidence made its destruction or disposal virtually impossible). Here, the record is barren of any facts that would give us a high level of confidence in the security of the apartment. For that reason, we are not confident that critical evidence of past and potentially impending crimes would have been inevitably discovered in Byam's unsecured apartment two days after his arrest.

The Government's motion also advances, for the first time, the argument that the agents were justified in seizing evidence pending the issuance of a search warrant to "obviate the risk of

third party destruction." This argument is unavailing, particularly given the Government's insistence that the evidence was inaccessible to others.

The Government relies on the Second Circuit's decision in United States v. Martin, 157 F.3d 46, 53 (2d Cir. 1998), a case that is clearly distinguishable from this one. In Martin, the Court upheld the warrantless seizure (not the search) of a UPS package en route to defendant because (1) there was probable cause to believe it contained contraband, and (2) the seizure was justified by the "exigencies of the situation." Id. The probable cause arose when the sender of the package informed the police that the package contained stolen goods and identified it by tracking number. Id. Moreover, the Court emphasized that "had UPS delivered the package to defendant, the police would have risked loss or destruction of suspected contraband." Id.

Martin clearly does not apply to the facts of this case. Here, the most incriminating evidence that we suppressed, the Nike bag and its contents, was searched and *then* seized without a warrant. Martin is limited to warrantless seizures. Nor does Martin justify the warrantless seizure of electronics from Byam's apartment. There, the police had a high degree of probable cause (specific information about the contents of the package and a tracking number). Here, the electronics were seized based on mere speculation that they may contain evidence because the robbers used the Internet at some point to buy masks—a much more tenuous justification. Furthermore, we do not see the same exigencies as in Martin, where failing to seize the UPS package containing contraband would dramatically increase the likelihood that evidence would be lost or destroyed. In that case, the Government seized the items to prevent them from reaching a party with a motive to destroy them. Here, the Government seized Byam's property, from his apartment, after he was arrested. The exigencies are also minimized by the fact that Byam was in custody, and the Government had the option to secure the apartment with a modest

7

SA-35

investment of manpower to prevent the items from being lost or destroyed while a warrant was promptly obtained.

We also reject the Government's (re)argument that a warrantless seizure of the electronics was justified because it was "immediately apparent" that they were incriminating. The Government defends the "incriminating" nature of the electronics on the basis that the robbers purchased masks for the robbery on the Internet. Permitting any and all electronics to be seized without a warrant merely because a defendant used the Internet or the telephone at some point would impermissibly open the door routinely to warrantless seizures of electronics in almost any criminal investigation.[1]

For the forgoing reasons, the outstanding motions to suppress are DENIED.

SO ORDERED.

Dated: Brooklyn, New York
       August 14, 2013

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

---

[1] The cases the Government cites upholding the warrantless seizure of electronics in plain view are distinguishable. In those cases, there was probable cause to believe that the devices were direct instruments of a crime. See, e.g., United States v. Abdojan, 871 F. Supp. 2d 95, 101 (N.D.N.Y. 2012) (upholding "plain view" seizure of Blackberry and iPhone during in-home arrest for access device fraud and aggravated identity theft where officers knew defendant had carried out the scheme online); United States v. Delouya, 2005 WL 3244173 (N.D.N.Y. 2005) (walkie-talkie could be seized under plain view theory because of indications that it had been used in a drug smuggling operation).

8

SA-36

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) |
| EDWARD BYAM | ) Case Number: CR 12-586-01(S-1) |
| | ) USM Number: 81571-053 |
| | ) DERON ROBERT CASTRO, ESQ. |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s)   1, 2, 3, 4, 5 of a five count superseding indictment(S-1).
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1951(a) | Conspiracy to commit robbery. | 8/31/2012 | 1(S-1) |
| 18 U.S.C. 1951(a) | Robbery. | 2/24/2010 | 2(S-1) |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   all open counts   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/4/2014
Date of Imposition of Judgment

/s/ Judge Raymond J. Dearie
Signature of Judge

RAYMOND J. DEARIE                U.S.D.J.
Name and Title of Judge

4/4/2014
Date

SA-37

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 1A

DEFENDANT: EDWARD BYAM
CASE NUMBER: CR 12-586-01(S-1)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C.924(c)(1)(A)(ii) | Unlawful use of a firearm. | 2/24/2010 | 3(S-1) |
| 18 U.S.C. 1951(a) | Robbery. | 2/14/2012 | 4(S-1) |
| 18 U.S.C.924(c)(1)(A)(ii) | Unlawful use of a firearm. | 2/14/2012 | 5(S-1) |

SA-38

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __3__ of __8__

DEFENDANT: EDWARD BYAM
CASE NUMBER: CR 12-586-01(S-1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

THIRTY-TWO(32) YEARS.    (See Page 4)

☑ The court makes the following recommendations to the Bureau of Prisons:

IF CONSISTENT WITH THE BUREAU OF PRISONS POLICIES, PRACTICES AND GUIDELINES, THE COURT RECOMMENDS DESIGNATION TO AN INSTITUTION IN THE NEW YORK METROPOLITAN AREA FOR FAMILY CONTACT/VISITATION REASONS.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**SA-39**

Case 1:12-cr-00586-RJD Document 130 Filed 04/10/14 Page 42 of 46 PageID #: 2023

Judgment—Page    4    of    8

DEFENDANT:  EDWARD BYAM
CASE NUMBER:  CR 12-586-01(S-1)

# ADDITIONAL IMPRISONMENT TERMS

DEFENDANT IS COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS TO BE IMPRISONED FOR A TOTAL TERM OF THIRTY-TWO(32) YEARS AS FOLLOWS:

COUNT ONE(1):        1 DAY, TO RUN CONCURRENTLY TO COUNTS 2 AND 4;

COUNT TWO(2):        1 DAY, TO RUN CONCURRENTLY TO COUNTS 1 AND 4;

COUNT THREE(3):       7 YEARS, TO RUN CONSECUTIVELY TO ALL OTHER COUNTS;

COUNT FOUR(4):       1 DAY, TO RUN CONCURRENTLY TO COUNTS 1 AND 2;

COUNT FIVE(5):        25 YEARS, TO RUN CONSECUTIVELY TO ALL OTHER COUNTS.

**SA-40**

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

|  | Judgment—Page | 5 | of | 8 |
|---|---|---|---|---|

DEFENDANT:  EDWARD BYAM
CASE NUMBER:  CR 12-586-01(S-1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

FIVE(5) YEARS.    (See page 6)

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☐  The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
            Sheet 3A — Supervised Release

Judgment—Page    6    of    8

DEFENDANT:  EDWARD BYAM
CASE NUMBER:  CR 12-586-01(S-1)

## ADDITIONAL SUPERVISED RELEASE TERMS

1) STANDARD CONDITIONS OF SUPERVISED RELEASE;

2) RESTITUTION ON COUNT ONE(1) IN THE AMOUNT OF $240,795.62 DUE IMMEDIATELY AND
   PAYABLE AT A RATE OF $25.00 PER QUARTER WHILE IN CUSTODY, AND AT A RATE OF 10% OF
   DISPOSABLE INCOME PER MONTH WHILE ON SUPERVISED RELEASE;

3) DEFENDANT SHALL PROVIDE FULL FINANCIAL DISCLOSURE TO THE PROBATION DEPARTMENT.

SA-42

DEFENDANT: EDWARD BYAM
CASE NUMBER: CR 12-586-01(S-1)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 500.00 | $ | $ 240,795.62 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| PAY-O-MATIC | $240,795.62 | $240,795.62 | |
| **TOTALS** | $ 240,795.62 | $ 240,795.62 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

SA-43

DEFENDANT: EDWARD BYAM
CASE NUMBER: CR 12-586-01(S-1)

Judgment — Page  8  of  8

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 500.00  due immediately, balance due

☐ not later than  , or
☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal  (e.g., weekly, monthly, quarterly) installments of $  over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal  (e.g., weekly, monthly, quarterly) installments of $  over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**SA-44**